FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 22 2016

JEFFREY P. COLWELL
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CANDIS TAI
       *Plaintiff,*

vs

CITY OF IRVING TEXAS
       *Defendant.*

§
§
§
§
§
§
§
§
§
§
§
§
§

Case No CV-02126

Judge _____

TRIAL BY JURY DEMANDED

## COMPLAINT FOR VIOLATIONS THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

### JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3), and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Candis Tai, who lives in Eagle County, Colorado.

4. Defendant City of Irving Texas ("CITY"), is a Municipal Government engaging in the activity of debt collection in addition to its municipal activities, with its principal place of business at 825 W. Irving Blvd., Irving TX 75060

### VENUE

5. The occurrences which give rise to this action occurred in Eagle County, Colorado and Plaintiff is located in Eagle County, Colorado.

6. Venue is proper in the District of Colorado.

## GENERAL ALLEGATIONS

On or about May 19, 2014 CITY began calling Plaintiff's wireless phone number XXX-XXX-6809 from phone number 972-721-2616 and 972-721-3757.

7. Upon information and belief said numbers are used by CITY in their debt collection operations.

8. CITY made **at least 41 individual calls** to Plaintiff's wireless phone beginning May19, 2014 and continuing through April 2, 2016 using ATDS capable equipment.

9. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given at any time.

10. The calls from the Defendant to Plaintiffs wireless phone number occurred on the following dates and times:

1) 5/19/2014 5:14pm
2) 5/20/2014 1:58pm
3) 6/6/2014  6:00pm
4) 6/16/2014 *
5) 6/23/2014 4:48pm
6) 7/3/2014  10:20am
7) 7/8/2014  7:50am
8) 7/8/2014  5:16pm
9) 7/17/2014 4:10pm
10) 7/21/2014 4:49pm
11) 7/24/2014 3:34pm
12) 8/16/2014 2:45pm
13) 8/23/2014 2:36pm
14) 8/30/2014 2:34pm
15) 9/6/2014  1:38pm
16) 9/13/2014 2:37pm
17) 9/20/2014 1:33pm
18) 9/27/2014 2:23pm
19) 10/4/2014 1:12pm
20) 10/11/2014 12:29pm
21) 11/12/2014 10:19am

22) 11/13/2014 12:32pm
23) 11/24/2014 *
24) 1/3/2015   3:25pm
25) 1/10/2015 2:38pm
26) 1/19/2015 5:35pm
27) 1/24/2015 2:11pm
28) 1/27/2015 12:36pm
29) 1/31/2015 1:26pm
30) 2/5/2015   3:47pm
31) 2/7/2015   1:08pm
32) 2/14/2015 2:15pm
33) 2/21/2015 10:49am
34) 2/28/2015 1:05pm
35) 1/14/2016 2:01pm
36) 1/21/2016 1:41pm
37) 2/15/2016 5:15pm
38) 3/5/2016   3:22pm
39) 3/12/2016 4:49pm
40) 3/26/2016 2:08pm
41) 4/2/2016   2:03pm
* time unclear due to cell tower communication malfunction

11. On a number of occasions when Plaintiff answered Defendant's calls a prerecorded message

would be played attempting to collect fines and penalties purportedly owed to CITY, with

threats of arrest and litigation.

12. On at least one occasion when Plaintiff answered Defendant's calls she stated "you need to stop

calling this phone" or "you need to stop calling this number", but no live person ever came on the

line and spoke.

13. The telephone calls identified above were placed to Plaintiffs wireless phone using an automatic

telephone dialing system (ATDS) as defined by the Federal Communications Commission.

14. Upon information and belief, Defendant placed the calls to the Plaintiff identified above

voluntarily.

15. Upon information and belief, Defendant placed the calls to the Plaintiff identified above

under its own free will.

16. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

17. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

18. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff s wireless telephone number.

19. This complaint is brought within the statute of limitations pursuant to 47 U.S.C. § 227. At the times that all of the above identified calls were received on her wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody of said phone and paid for the airtime to the called number listed above.

20. Plaintiff sustained actual damages in the form of airtime used, wear and tear on the phone, and use of electricity, however because of the minimal amount of actual damages, Plaintiff makes no claim herein.

21. Plaintiff has done due diligence in an effort to mitigate damages and settle all claims prior to litigation by sending 2 notices to Plaintiff encouraging Defendant to enter into negotiations for settlement, to no avail.

## COUNT I

### VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

22. Plaintiff repeats and re-alleges each and every allegation stated above.

23. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a.      Adjudging that City of Irving Texas violated the TCPA 47 U.S.C. § 227.

b.    Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of

$500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless

phone as knowing and/or willful violations;

c.    Awarding Plaintiff any fees and costs incurred in this action;

d.    Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e.    Awarding such other and further relief as the Court may deem just and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.


Respectfully Submitted,

*Candis Tai*

Candis Tai
131 Ermine Lane
Carbondale, Colorado 81623
970-704-1068